Good morning, judges, and may it please the Court. My name is Aaron Elinoff, and I represent the petitioner, Karen Robles-Garcia. The primary issue I really would like to focus on today is really just a question of statutory interpretation. I'm not even going to mention the J-word. This is not a novel issue. The question of statutory interpretation is something that this Court addresses with some regularity. Specifically, the question here is, can the Attorney General rewrite law, rewrite congressional law, by redefining a statutory term within a regulation? You don't want to mention the J-word. None of us really do, but it comes up with increasing frequency around here. Could you explain why your client even has jurisdiction to raise the J-word? Not the J-word, but to raise the Pereira claim when she concedes the validity of the removal. She's asking for relief from removal, but concedes removal. And the underlying argument you're making is that the process that initiated the removal is defective. But if she concedes removability, isn't she a little bit like the person that pleads guilty in a criminal case and therefore waives his objection to search and seizure procedures that predicated? I understand. I think that that would, number one, assume that we're talking about personal jurisdiction, which can be waived and conceded. Subject matter jurisdiction, on the other hand, cannot. Federal courts are courts of limited jurisdiction. Okay, that's a good answer. Thank you. And they are, and therefore they should be strictly the… Okay, so we have to, number one, decide this is a subject matter jurisdiction question. Yes, and pretty much every circuit court that has decided the issue has agreed that this is a question of subject matter jurisdiction. Okay, thank you. But specifically, what we're talking about is the definition of… I'm sorry. Yes. What did you just say? That all the courts that have considered the Carrera issue have said it's a matter of subject matter jurisdiction? I believe so. I may be wrong, but there are the two primary courts that have actually addressed the issue that everybody is referring to are Kiran Githy and Hernandez-Perez, and both of which, in essence, sidestep. I shouldn't say sidestep, but they don't decide the issue based on saying it's personal jurisdiction, it's therefore waived. They actually look at the statutes in the regulatory scheme and determine that the NTA is complied with the regulatory requirements, and therefore jurisdiction is properly vested. Perez-Hernandez states that there's no… I'm sorry. Perez-Hernandez is actually concerned with the N's justifying the means. They look at the two. They express some concern with having an NTA that has different requirements and a different definition for certain purposes and a different set of requirements for other purposes, and they caution against that. And then they go ahead and look at, well, you know, applying the holding of Carrera to the jurisdictional context would have some broad implications. And so they go the other way because the N's justify the means, which… Let me ask one question because I want to hear what you have to say. Did the Supreme Court in Carrera, they didn't have to consider what happens if there's a later notice giving the time to appear that served on the person, which makes sense given that it's very important that the alien be notified that these proceedings have begun against him or her. Right. And that's… So how do we know that the Supreme Court wouldn't have said if the initial NTA was supplemented by something served on the alien that provided the time and date that then you wouldn't have a proper proceeding and it would start the 10-year clock running? Okay, so the Supreme Court has two holdings in Carrera. One of them is that an NTA that lacks time and date is not an NTA pursuant to the statute. Secondly is the other issue that it doesn't prohibit stop time. Well, when you say pursuant to the statute, it's not an NTA under 1229A. That's correct. Okay. Now, the issue, though, and I guess bringing it back to that point, is that we have a statutory definition that conflicts with the regulatory definition. And so the Attorney General has… Well, not necessarily. You keep jumping to the – well, I shouldn't say you keep because it's the prior argument. But the regulatory language is dealing with a charging document, which is much broader than an NTA. So even if you were to say the thing that they served on your client isn't an NTA, it still might be a charging document, right? No. Why not? Sometimes, but generally, no. The vast majority of proceedings are brought under INA 240. And pursuant to 1229A, those proceedings require initiation upon the filing – with the filing of a charging – with the filing of a notice of appearance. Now, the regulations define – the regulations state that filing of an NTA – that jurisdiction does upon filing of an NTA or upon filing of a charging document. Then another subsection – or another section states a charging document can include these items. And then one of those is an NTA. Then a separate subsection states an NTA requires these seven items omits time and date. And then another regulation states under 1003.8 that time and date are only required when practical. So here we have, again, if you go back to the Supreme Court's decision, they determined that the statutory definition is clearly not ambiguous. When a statutory definition is clearly not ambiguous, we don't need a regulation. We do not need a regulatory definition to clarify the statute. Do you think the Supreme Court would have reached the same result in Pereira as if, after the NTA was served, the next day the alien had been served with a document that said, and here is your date. Absolutely. They would have come to the same result. Absolutely. Well, that's pretty hyper-technical, isn't it? No, because the Supreme Court has dictated that the notice to appear that is defined under 1229A are definitional terms. And it can't come in two documents a day apart. They cannot. What about an hour later? Part of that – No, no, no. What about an hour later? It still has to be a single document. Why? Does it say that? Does the Supreme Court say that? The Supreme Court says that notice to appear is a charging document. The statutory terms defines a notice to appear. Pereira doesn't talk about charging documents. No, I'm talking about the statute. So the statute identifies a notice to appear as a charging document that initiates removal proceedings under 240 of the Act and then delineates a certain set of requirements. Pereira, the Supreme Court, reviewed the statutory definition of a charge of a notice to appear and determined that that is definitional, that each of those elements are essential elements for the creation of a notice to appear. Now, the Attorney General then has separately promulgated a regulation that removes one of those essential elements. Now, again, the question here is a matter of statutory interpretation. I'm confused about – I would, too. Can I – I just – I mean, you're – I just don't see the predicate here. Where in the statute does the statute say that a case has to be initiated by a notice to appeal, which is – or notice to appear, rather, which is one that includes all these requirements? Sure. So the title of the statute, 1229, is initiation of removal proceedings. But we've been told to not necessarily be limited by titles of statutes. Sure. Where else? Where else? But then it actually states, removal proceedings under Section 240 – in removal proceedings under Section 240, written notice, here referred to as a notice to appear, shall be given in person to the alien or not in person by mail. That is a requirement to do something, but it doesn't say what the consequences are if you don't do it. Sure. So I suppose that would be an opportunity for the Attorney General to promulgate a regulation that dictates what it is that happens if you don't – if you don't do this. But, frankly, I think that you're reading some ambiguity in the law that doesn't actually exist. The plain reading of the law is pretty clear. A notice to appear requires these elements. And that's what the Supreme Court said. We're focused on when jurisdiction attaches in the BIA, right? With the immigration court, yes. Right, with the immigration court. What – okay, instead of jumping to the stopgap issue, focus on the statutory language that talks about initiation of jurisdiction. So there is no statutory language that explicitly mentions jurisdiction. However, the statutory language defines what a notice to appear is. Keep – stay on jurisdiction, please. There is a reason why I would like to stay there for a moment, and that's because the Attorney General, again, is only entitled to interpret or clarify a law that is unclear. They are not entitled to deference in the absence – in the absence of ambiguity. Well, the question here is whether jurisdiction attached to the immigration court, right? Sure. So I don't want to jump over to that notice to appear argument. I want you to focus on how does jurisdiction happen. That's what we do. We're going to start there. So for your benefit, you should talk to us in our language, which is walk us down that jurisdictional path. So the problem that we're having is that jurisdiction, when jurisdiction attaches, is referenced by regulation. The Attorney General says jurisdiction best upon filing of a charging document. Okay. Okay. So you would agree with me that jurisdiction – the magic trigger for jurisdiction under the regs is a charging document. Yes, that's correct. Okay. So it's not limited to the 1229A notice to appear. No, it is not. Okay. So now tell me why the definition in 1229 precludes jurisdiction here. Because jurisdiction best upon filing the charging document. A charging document includes one of three options, one of which is a notice to appear. It does not include one of three options. It includes anything that qualifies as a charging document, some examples of which are three documents. There's a big difference between what you said and what I said, right? Yes. But when the government is using a document that they are titling a notice to appear, we'd like to actually, I suppose, stick with the same term, the same definition. They didn't call it an immigration complaint or some other summons. They called it a notice to appear. That term is a legal term of art that was established by statute. So it is provided within the statute that this is what an NTA is. Well, we have a document entitled notice to appear. So it is a document that has the title that is required. And the question is, what happens if there is some deficiency in that document? Does it suddenly not make it a notice to appear anymore? That's right. Or is it still a notice to appear, albeit with a defect in it? A defect which we then have to decide how that defect can be remedied. So because the ruling, the holding in Pereira is that a notice to appear that lacks time and date, I'm sorry, because the notice to appear is the statutory provision 1229A1, is definitional in nature. If it lacks any one of those elements, it is not a notice to appear. And you think that Pereira prevents us from saying it could still be a notice to appear, just a defective one? No, it is a putative notice to appear that fails to satisfy its central purpose. Let me ask you a practical question. I don't want to interrupt. No, I'm done. Thank you. At some point, your client obtained something that indicated the date and time of the hearing. Is that correct? Yes. What was in that document? That was a notice of hearing that was provided by the court. What was in it was the date, time, and location of hearing. Did it indicate the charge? No. Not in the notice of hearing that was provided by the court, no. She was provided with a document that was titled a notice to appear that had the charge, her rights, etc., and it omitted time, date, and it did have location, but it omitted time and date. Well, at some point she got something that gave the time and date. Yes, and that was given to her by the court, which is not the prosecuting body, and therefore can't initiate jurisdiction upon itself. So if I may, when we're talking about— So the only thing that had the date and time, and nothing else was in that document? So here's the issue, is that we're not talking about—the reason we're talking about subject matter— we're not talking about personal jurisdiction. We're focused on subject matter. I want to know if at some point she had all the information that should have been in the original notice. Yes, at some point she did, but it did not— And that all came—okay. Does the statutory definition say it has to come from some particular agency? Does it say where it has to originate? Not explicitly, but Pereira dictates that it is a definitional statute. Well, and it defines a document, and she got a document. And you're saying because it didn't come from a certain source, it can't satisfy the definition, but you'd have to show me where in the statutory definition it says it has to come from a particular source, wouldn't you? If you're going to stick with the—if you're going to be very strict about fitting the statutory definition, I'm curious whether there was a time when at the same time she got all the information that's in the notice to appear. You've already said that if the document is supplemented an hour later by something giving the date and time, then it doesn't work, which I have a hard time accepting that. But if at some time she got something with everything in it, why was that not satisfying the statutory definition? Because the statutory definition is definitional. Okay, but what it defines is the contents of a document. Right. And if she got everything in those contents in a document, multi-page, at one time— Yes. —why was that not satisfying the statutory definition? If she actually did receive all of those things in a single document that was titled a notice to appear in half an hour— No, no, no. That includes everything that's required by the statute. Does the statute say it has to be titled notice to appear? No, it does not. But I apologize that I'm out of time. No, no. You can answer the question. Okay. It does not state that it needs to be titled notice to appear. Okay. So was there a time when she got in one packet everything that is encompassed by the statutory definition? There is a time at which she received all of the necessary information that is included within the definition of a notice to appear. She received it in two separate documents from two separate entities. But they were all in one package. No. Well, I thought that was my question. You said at one time she got everything. At one time she got everything. I understood your question to be a hypothetical in the event that she received everything together in a single time. Yeah. But that didn't happen? That did not happen. No. She was given a notice to appear, and then weeks or months later she received a notice of hearing which indicated its hearing date and time. And it didn't include anything else in there? No, other than the address. I mean, it has some other advisements on the notice of hearing. Okay. Thank you. Thank you. If you have something you would like to respond, you may. You don't have to. Thank you. We're going to give you an opportunity, the government an opportunity, to listen to the oral argument and submit a supplemental brief. But if you have something you'd like to say now, in response, you may. I believe that would be best, Your Honor. I won't pretend to be as prepared for this particular case as my counsel would have been. Thank you. Thank you. Very interesting. Thank you, counsel. Now everybody is excused. Cases are submitted and court is in recess until 9 tomorrow morning.